IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| In the Matter of the Search of the **Target Location** at 3271 Ebenezer Church Road, Camden, SC 29020 and the Person of Tobias Carpenter | Case No. 3:24-cr-00339 _____ |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Kelsie Rubino, a Special Agent with the Federal Bureau of Investigation, being first duly sworn, hereby depose and state as follows:

I.   **Introduction and Agent Background**

1.   I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant of the premises known as 3271 Ebenezer Church Road, Camden, SC 29020 (**Target Location)**, which is believed to contain evidence of attempted coercion and enticement and possession of child pornography committed by Tobias Carpenter (CARPENTER). Attachment A of this affidavit further describes the **Target Location** and a description of CARPENTER, date of birth May, 10, 1977. Attachment B further describes the evidence sought pursuant to the proposed search warrant and believed to be located at the **Target Location** and on devices associated with the **Target Location**, including the mobile devices utilized by CARPENTER that may be located on his person.

2.   This affidavit is based upon my personal knowledge, experience, and training, and other information developed during the course of this investigation. This affidavit is also based upon information and experience imparted to me by other law enforcement officers. Because I am submitting this Affidavit for the limited purpose of demonstrating probable cause to search the

**Target Location** and CARPENTER's person, I have not included every fact known about this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that violations of Title 18, United States Code, Section 2422(b) (attempted coercion and enticement) and Title 18, United States Code, Section 2252A(5)(B) (possession of child pornography) have been committed and that the **Target Location** and CARPENTER's person contain evidence, fruits, and instrumentalities of this violation and contraband, as further described in Attachment B of this affidavit.

3. I have been employed as a Special Agent (SA) of the Federal Bureau of Investigation (FBI) for approximately four years. I am currently assigned to the Violent Crime and Gang Squad and investigate Violent Crimes Against Children and Human Trafficking. I have received training in the investigation of cases involving production of Child Sexual Abuse Material (CSAM) and sexual exploitation. I've participated in a variety of criminal investigations, including human trafficking, child sexual exploitation, drug and weapon offenses, and white-collar crimes.

4. I have experience investigating cases involving the use of computers, electronic devices, and the Internet to commit violations of federal law and the use of these items to store information associated with these violations. I have served as the affiant on previous search warrants and have participated in the execution of search warrants involving the search and seizure of electronic equipment. As such, I am an "investigative or law enforcement officer" within the meaning of Title 18, United States Code, Section 2510(7), and empowered by federal law to investigate and make arrests for offenses enumerated in Section 2518 of Title 18 of the United States Code.

5. Since this affidavit is being submitted for the limited purpose of obtaining a search warrant, I have not included every fact known to me concerning this investigation. Based on my

training and experience and the facts set forth in this affidavit, there is probable cause to believe that evidence, fruits, and instrumentalities of the violation of Title 18, United States Code, Section 2422(b) (Attempted Coercion and Enticement) and Title 18, United States Code, Section 2252A(a)(5)(B) (Possession of Child Pornography) are located within the **Target Location**.

II.     **Target Offenses**

6.     Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C § 2422(b) (**Attempted Coercion and Enticement**), and 18 U.S.C § 2252A(a)(5)(B) (**Possession of Child Pornography**) have been committed by Tobias CARPENTER.

7.     I respectfully submit there is probable cause to believe CARPENTER violated § 2422(b) because there is probable cause to believe his conduct satisfies all five elements of the statute: (1) First, CARPENTER attempted to persuade, induce, entice, or coerce; (2) Second, another person who had not attained the age of 18 years; (3) Third, to engage in prostitution or in any sexual activity for which any person could be charged with a criminal offense [including criminal solicitation of a minor as defined in S.C. Code § 16-15-342(A)[1]]; (4) Fourth, in doing so,

---

[1] S.C. Code § 16-15-342(A) states "A person eighteen years of age or older commits the offense of criminal solicitation of a minor if he knowingly contacts or communicates with, or attempts to contact or communicate with, a person who is under the age of eighteen, or a person reasonably believed to be under the age of eighteen, for the purpose of or with the intent of persuading, inducing, enticing, or coercing the person to engage or participate in sexual activity as defined in Section 16-15-375(5) or a violent crime as defined in Section 16-1-60, or with the intent to perform a sexual activity in the presence of the person under the age of eighteen, or person reasonably believed to be under the age of eighteen.

S.C. Code § 16-15-375(5) defines "*Sexual activity*" as any of the following acts or simulations thereof: (a) masturbation, whether done alone or with another human or animal; (b) vaginal, anal, or oral intercourse, whether done with another human or an animal; (c) touching, in an act of apparent sexual stimulation or sexual abuse, of the clothed or unclothed genitals, pubic area, or buttocks of another person or the clothed or unclothed breasts of a human female; (d) an act or condition that depicts bestiality, sado-masochistic abuse, meaning flagellation or torture by or

CARPENTER used any facility or means of interstate commerce, and (5) that CARPENTER did so knowingly.

8. I respectfully submit there is probable cause to believe CARPENTER violated § 2252A(a)(5)(B) because there is probable cause to believe his conduct satisfies all three elements of the statute: (1) First, CARPENTER possessed or accessed with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contained an image of child pornography; (2) that had been mailed, or shipped or transported using any means or facility of interstate commerce or in or affecting interstate commerce by any means, including by computer, or was produced using materials that had been nailed, or shipped or transported in or affecting interstate commerce by any means, including by computer, and (3) Third, CARPENTER acted knowingly.

9. Based on my training, experience, and consultation experienced agents assigned to investigate child sexual exploitation and child pornography, I know the following:

   a. Persons who are involved with child pornography generally have other sexually explicit materials related to their interest in children, which may consist of photographs, motion pictures, videos, text material, computer graphics and digital or other images for their own sexual gratification, often including child erotica, which may consist of images or text writing involving sex with minors that do not rise to the level of child pornography but nonetheless fuel their deviant sexual fantasies involving minors. I am aware that this sort of material has been admitted in trials under Fed. R. Evid. 404(b) to prove such things as the possessor's knowledge, intent, motive, and identity and under Fed. R. Evid. 414 to prove the person has a sexual interest in minors.

   b. Individuals who collect child pornography often seek out like-minded individuals, either in person or on the Internet, to share information and trade depictions of child pornography and child erotica. They do this to gain status, trust, acceptance, and support and to increase their collection of illicit images and child erotica. The

---

upon a person who is nude or clad in undergarments or in a costume which reveals the public hair, anus, vulva, genitals, or female breast nipples, or the condition of being fettered, bound, or otherwise physically restrained on the part of the one so clothed; (e) excretory functions; (f) the insertion of any part of a person's body, other than the male sexual organ, or of any object into another person's anus or vagina, except when done as part of a recognized medical procedure.

    different Internet-based vehicles used by such individuals to communicate with each other include, but are not limited to, peer-to-peer (P2P) chat and file sharing programs, e-mail, e-mail groups, bulletin boards, Internet Relay Chat (IRC), newsgroups, Internet clubs, and various forms of Instant Messaging such as Yahoo! Messaging, and "chat" that is sometimes saved on the user's computer or other digital storage media.

  c. Besides sexual photos of minors and child erotica, such individuals often produce and/or collect other written material on the subject of sexual activities with minors, which range from fantasy stories to medical, sociological, and psychological writings, which they save to understand and justify their illicit behavior and desires.

  d. Individuals who collect child pornography often collect, read, copy or maintain names, addresses, including e-mail addresses, phone numbers, and lists of persons who have advertised or otherwise made known in publications and on the Internet that they have similar sexual interests, or have child pornography and child erotica for sale or trade. These contacts are maintained for personal referral, exchange or, sometimes, commercial profit. They may maintain these names on computer storage devices, web sites or other Internet addresses, and their discovery can serve as leads to assist law enforcement in proving the instant case and in apprehending others involved in the underground trafficking of child pornography.

  e. As for staleness concerns, individuals who collect child pornography rarely, if ever, dispose of their sexually explicit materials and may go to great lengths to conceal and protect from discovery, theft, and damage their collections of illicit materials. The known desire of such individuals to retain child pornography, together with the sense of security afforded by using computers, provides probable cause to believe that computer images, especially child pornography and erotic nudity involving minors, will be retained by the collector indefinitely. These individuals may protect their illicit materials by passwords, encryption, and other security measures, save it on movable media such as CDs, DVDs, flash memory, thumb drives, and removable hard drives, which can be very small in size, including as small as a postage stamp, and easily secreted, or send it to third party image storage sites via the Internet.

### III. Probable Cause

*Background of Investigation*

10. In September 2023, an FBI online undercover employee interacted with a potential target engaged in the online solicitation of minors through the Kik messaging application. Kik user "Iambignell," identified as Parnell SMITH, chatted with an undercover FBI Task Force Officer in September 2023. During those chats, SMITH attempted to entice the online covert employee to

engage in sex with an underage female. Evidence in the SMITH investigation led to the investigation of CARPENTER.

11. On September 13, 2023, a federal search warrant was executed at SMITH's residence in Detroit, Michigan. A cellular phone was seized from SMITH during the execution of the search warrant. On Smith's phone, FBI located Kik chat threads in a "Daddy Group" which consisted of adults discussing having sex with, or having other people have sex with, minors. That group also exchanged child pornography.[2] As with other evidence in this affidavit, this indicates that electronic devices were used to violate the Target Offenses in this investigation and will likely contain relevant and probative evidence.

12. In my experience, members of such chat groups are usually required to share child pornography with other members of the group to prove that they are not law enforcement representatives because law enforcement is prohibited from sharing child pornography. If a member of the chat group does not share child pornography, they are expelled from the group. Therefore, I submit CARPENTER's membership of that chat group is evidence that he was in possession of and shared child pornography.

13. Within these Kik chat threads were messages dated September 13, 2023, between SMITH and Kik user "Funtimesc77." That thread involved "Funtimesc77" asking SMITH if he was interested sexually in someone's daughter. SMITH stated he was interested and

---

[2] "*Child pornography*" includes any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct where (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; (B) such visual depiction is a digital image, computer images, or computer-generated images that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct. 18 U.S.C § 2256(8).

"Funtimesc77" sent an image of a female from the waist down, who he stated was his daughter. SMITH and "Funtimesc77" discuss SMITH engaging in sexual activity with "Funtimesc77's" daughter:

> Funtimesc77: *Hi*
> Iambignell: Sup
> Funtimesc77: *Limits. You want daughter*
> Iambignell: What are limits lol. Yes I want a daughter
> Funtimesc77: *[Sends image of female from the waist down, wearing a shirt and red underwear or bathing suit bottoms.]*
> Iambignell: U have one for me?
> Funtimesc77: *Maybe. You like? You trib*
> Iambignell: That's a nice ass
> Funtimesc77: *You have a big dic*
> Iambignell: Naw my dick is little. [Sends three images of a penis.]
> Funtimesc77: *Pic. Average. You cum to her before*
> Iambignell: No but can I please cum in your daughter
> Funtimesc77: *Yea. Deep*
> Iambignell: Mouth then Pussy then Anal then all over her
> Funtimesc77: *Yea. Her young ass*
> Iambignell: What is she doing right now?
> Funtimesc77: *Idk*
> Iambignell: She isn't with you
> Funtimesc77: *No lol*
> Iambignell: Why is that funny? She does exist right?
> Funtimesc77: *Yea*
> Iambignell: So what was funny about you not knowing what she's doing. Where are you from. I'm in Detroit.
> Funtimesc77: *CA*
> Iambignell: Do you ever visit Detroit?
> Funtimesc77: *Nope*
> Iambignell: Can you please put her on a bus and send her?

14.     The investigation determined "Funtimesc77" is likely operated by CARPENTER. An administrative subpoena was served to Kik for subscriber information associated with user "Funtimesc77". The return was provided December 5, 2023, and yielded the following:

> Name:           FuntimeSC77
> Email:          tobiaswv1175@icloud.com
> Username:       FuntimeSC77
> User Location:  69.40.187.78
> Device Type:    iPhone, version 16.12.2.18013

      Registration Timestamp:  07/10/2023
      Date of Birth:        05/10/1977

15.    There is also evidence that the account was accessed many times in recent months from CARPENTER's home and from an IP address registered to CARPENTER. The account was accessed 287 times between November 6, 2023, and December 4, 2023, from IP address 69.40.187.78.

16.    An administrative subpoena was served to Windstream Internet for subscriber information associated with that IP address. The return was provided on January 2, 2024, and yielded the following subscriber information:

      Name:            Tobias Carpenter
      Address:         **Target Location**
      Phone:           803-475-2135
      Account Start Date: 07/23/2019

17.    CARPENTER and his Kik account also appeared in yet another child exploitation investigation in recent months, completely apart from the investigation above. In October 2023, the FBI executed a search warrant of the residence of Timothy SLOAN in the District of South Carolina, for violations of receipt and distribution of child pornography and possession of child pornography. During that search, an iPad and other electronic devices were seized from the residence; content was digitally extracted from the device by FBI Computer Analysis Response Team members. A review was conducted of the content digitally extracted from the iPad, to include Kik Messenger messages and images.

18.    During review of Kik Group "Parents Playgroup" on that iPad, Kik user "FuntimeSC77" posted message "*Any pervy dads,*" with no observed response from other Kik users in the group. During review of Kik Group "familyfuntime" on that iPad, "FuntimeSC77" posted messages "*Hi all*" and "*Anyone from USA.*" Kik user "mr smalls" responded "usa here."

"FuntimeSC77" later posted "*lol*" and "*ASL*" (meaning Age Sex Location). One Kik user responded.

19. No other content related to "FuntimeSC77" was found in the digital extraction of that iPad. A review of Kik groups "Parents Playgroup" and "familyfuntime" yielded adults discussing having sex with, or having other people have sex with, minors. This group also exchanged child pornography. Again, this content and CARPENTER's participation in these groups is evidence CARPENTER is likely in possession of child pornography.

20. According to the Kik Law Enforcement Guide, a Kik username is unique, can never be replicated, and can never be changed. Based on this guidance, the username "FuntimeSC77" is a unique identifier and cannot be duplicated by another Kik user. That is, the account at issue was likely CARPENTER's at all relevant times, and not some other user's account.

21. On January 4, 2017, Google Inc. submitted an online tip to the National Center for Missing and Exploited Children (NCMEC) reporting possession of child pornography by user "tobiaswv11@gmail.com" and phone number "740-359-7885." One child pornography file was uploaded to this account on December 31, 2016. The file contained an image of a prepubescent minor engaging in a sex act. Both the email address and phone number are known accounts used by CARPENTER.

22. NCMEC defines a sext act as "Any image of sexually explicit conduct (actual or simulated sexual intercourse including genital-genital, oral-genital, anal-genital, or oral-anal whether between a person of the same or opposite sex), bestiality, masturbation, sadistic or masochistic abuse, degradation, or any such depiction that lacks serious literary, artistic, political, or scientific value."

23. On January 1, 2017, and January 7, 2017, Google Inc. submitted additional online tips to NCMEC reporting uploading of child pornography by user tobiaswv11@gmail.com and phone number "740-359-7885". Three child pornography files were uploaded to this account. Each file contained an image of a prepubescent minor engaging in a sex act.

24. At this time there is no evidence CARPENTER has been charged with or convicted for this conduct. However, based on the above, there is probable cause to believe that violations of the target offenses are ongoing and historic.

25. There is also evidence that CARPENTER has access to children inside his home. Open-source databases show CARPENTER reported an address of **Target Location**. Other residents include Jamie Carpenter, Patrick Carpenter (date of birth February 23, 2006), two minor females, and one minor male. Further, a review of CARPENTER's Facebook profile and his wife's Facebook profile reveal CARPENTER has a minor daughter who is approximately fourteen years-old and another minor daughter who is approximately six years-old.

26. Based on my training and experience, I submit there is probable cause to believe that the **Target Location** contains evidence of violations of including on devices in CARPENTER's possession through which he discussed making one or both of his daughter's available to Parnell Smith for sex and based on his Kik account's participation in chat rooms that exchanged child pornography.

*Target Location*

27. CARPENTER resides at **Target Location** with his wife JAMIE Carpenter. According to Kershaw County property records, CARPENTER and his wife purchased the 2,866 square foot residence for $225,000 on July 16, 2019.

28. South Carolina Department of Motor Vehicle (SCDMV) records show CARPENTER has three vehicles registered at **Target Location**, a 1998 Subaru Legacy, a 2015 Chevy Express, and a 2005 Dodge Ram 2500. CARPENTER's wife, Jamie Carpenter has a 2004 Ford Explorer registered to **Target Location**.

29. South Carolina Department of Employment and Workforce (SCDEW) records list **Target Location** as the address of Jamie Carpenter. No employment records existed for CARPENTER.

30. On April 5, 2024, I conducted surveillance at **Target Location**, during which I observed an adult female, a young adult male, and a teenaged minor female outside the residence. I also observed a dark blue Subaru bearing tag SHE343, a white Chevy Van, a white pickup truck and a brown/tan Ford Explorer.

31. Based on the facts set forth in this affidavit and my knowledge and experience, I submit there is probable cause to believe that CARPENTER and his wife live at the **Target Location**. CARPENTER and his wife are the owners of the **Target Location**.

32. According to the Kershaw County Sheriff's Department (KCSD), they have received four calls for service from CARPENTER using the number 740-359-7885 in the past four years.

33. Most recently, on February 11, 2024, CARPENTER called KCSD and reported that four wheelers were riding past his house. CARPENTER reported his address as **Target Location.**

34. Vehicle registration for CARPENTER's three vehicles list the **Target Location** as the vehicle owner's address. Employment records for CARPENTER's wife's also list **Target Location** as her address.

35. Based on the above and my training and experience, I further submit there is probable cause to believe the **Target Location** is used by CARPENTER to store electronic devices containing evidence of the target offenses.

### IV.    Conclusion and Requested Authority

36. Based on the above, I respectfully submit that there is probable cause to believe that the **Target Location** contains evidence of violation of the Target Offenses. Accordingly, if the requested warrant is approved, I respectfully submit relevant and probative evidence will be recovered.

37. This warrant seeks permission to seize any computers, cellular phones, electronic storage mediums, and other electronic devices, described in Attachment B, that are located within the **Target Location**, as described in Attachment A. If and when these computers, electronic storage mediums, and cellular phones are located and seized, a separate search warrant will be sought and applied for to request permission to conduct a forensic analysis on said phone(s), where they can be more specifically described and identified.

Assistant United States Attorney Scott Matthews has reviewed this affidavit. I swear, under penalty or perjury, that the forgoing is true and correct to the best of my knowledge.

Respectfully Submitted,

_____
Kelsie Rubino
Special Agent
Federal Bureau of Investigation (FBI)

Sworn to me this
17th day of April, 2024

This affidavit was sworn to by the affiant, who attested to its contents pursuant to Fed. R. Crim. P. 4.1(b)(2)(A) by telephone after a document was transmitted by email pursuant to Fed. R. Crim. P. 4.1.

_____
Honorable Shiva V. Hodges
United States Magistrate Judge